UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JACK LYNN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:11-CV-404 |
| | ) | (PHILLIPS/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 15], and the defendant's Motion For Summary Judgment. [Doc. 17]. Plaintiff Jack Lynn Rogers ("Rogers") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

**I.     BACKGROUND**

Rogers was 52 years of age when the ALJ issued the Decision in November, 2009. (Tr. 110, 27). Rogers has a limited education, attending school only through the fifth grade. (Tr. 35). His ability to read is low. (Tr. 39). He has over 25 years of work experience as a drywall finisher. (Tr. 133). Rogers has a driver's license, and he is able to drive. (Tr. 36).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision have been set forth in the memoranda of the parties, [Doc. 16; Doc. 18], are not in dispute, and need not be repeated here.

**II.     DISABILITY ELIGIBILITY**

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if the person's physical or mental impairment or impairments are of such severity that the person is not only unable to do the person's previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which the person lives, or whether a specific job vacancy exists for the person, or whether the person would be hired if the person applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

2

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III.  STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).  If the ALJ applied the correct legal standards and the ALJ's findings are

supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

IV. **POSITIONS OF THE PARTIES**

Rogers alleges that he has been disabled and unable to work since January 1, 2002. (Tr. 118). He states that chronic pain in his back, neck and shoulders is too severe for him to be able to work, and also that he has no mobility due to the pain. (Tr. 132, 37). Rogers testified that his typical day is to hang around the house. He makes light meals, but his girlfriend cleans the house. His son does yard work. Rogers testified that he can walk for up to two hours before sitting, and that he can sit for 45 minutes before he has to get up. (Tr. 38). He said he can lift up to 15-20 pounds. (Tr. 38). He complains of occasional numbness and tingling in his fingers, affecting his grip. (Tr. 41).

The ALJ found a residual functional capacity (RFC) of medium work, plus Plaintiff has the ability to frequently climb ramps or stairs, frequently balance, stoop, crouch, kneel, or crawl, and

5

frequently reach overhead; and Plaintiff has the ability to occasionally climb ladders, ropes, and scaffolds; and Plaintiff is limited in overhead reaching to frequent, bilaterally. (Tr. 23).

The independent vocational expert who testified at the hearing, Mr. Brewer, testified that given a hypothetical which matches Roger's RFC and his age and education, there would be jobs he could perform, for example, dishwasher or hand packager, in the Tennessee and national economy. (Tr. 44). Based on this RFC, and other appropriate factors specific to Plaintiff, the vocational expert testified that there were jobs in significant numbers in the Tennessee and national economy which the Plaintiff could perform. (Tr. 44). On questioning by the Plaintiff's counsel, Mr. Brewer testified that if the RFC had limited Rogers to sedentary work and to only limited and occasional reaching overhead, there would be no jobs available. (Tr. 46). Similarly, if the RFC had limited Rogers to lifting no more than ten pounds, with limitations on standing or walking, the above noted jobs would not be available. (Tr. 46).

The Commissioner asserts that substantial evidence supports the RFC found by the ALJ, and the ALJ's conclusion of not disabled.

### V.  ANALYSIS

Rogers argues that the RFC is not supported by substantial evidence because "the ALJ ignored the limitations noted by the only examining physician of record, Dr. Misra." Dr. Misra's impression was chronic degenerative disc disease of the cervical spine and lumbar spine "with no really acute decreased range of motion today," "strength intact." Dr. Misra added that Rogers

"probably has some neuropathic type of pain/sensation problems; left shoulder also bothers him as well." Dr. Misra concluded:

> the patient retains the capacity to occasionally lift and/or carry including upward pulling for up to 1/3 of an 8-hour workday to a maximum of 10 pounds. He could frequently lift and/or carry from 1/3 to 2/3 in an 8-hour workday to a maximum of 10 pounds. He could stand and/or walk with normal breaks for a total of about 6 hours in an 8-hour workday. He could sit without restriction.

(Tr. 333).

Rogers asserts that the ALJ "essentially ignored" Dr. Misra's opinion and committed error by not including Dr. Misra's limitations in the RFC.

The Court, however, finds that the ALJ did not ignore Dr. Misra's opinions. To the contrary, in the Decision, the ALJ recites in detail the medical history obtained and the examination findings of Dr. Misra. The ALJ does so accurately (Tr. 331-34; 24). Moreover, the ALJ clearly gives weight to Dr. Misra's objective exam findings, stating that he included them as part of his evaluation of the objective medical evidence:

> In sum, the above [RFC] assessment is supported by the objective medical evidence of record which indicates degenerative disc disease, with status post cervical fusion. . . However, Dr. Misra. . . found that the claimant has a full range of motion in the cervical spine, without neuromotor deficit and a normal gait. The treatment records have references indicating that the claimant is engaging in work activities or at least able to engage in physical activities in excess of his testimony (working on a scaffold and using a chainsaw for 6 to 7 hours). . . Accordingly, the state agency [RFC] determined by the physicians of a medium exertional work with additional postural and manipulative limitations are appropriate and are supported by the medical evidence of record.

(Tr. 25).

7

The Court finds that substantial evidence supports the ALJ's evaluation of the evidence of record, including Dr. Misra's consultative examination, in his assessment of Rogers' RFC. The ALJ's discussion of the evidence, including his discussion of Dr. Misra's findings and observations, and the ALJ's discussion of how such findings and the other evidence of record support the opinions of Dr. Settle and Dr. Pennington limiting Rogers to medium work, provides substantial evidence to support the ALJ's rejection of the more restrictive lifting limitations of Dr. Misra's opinon. The Plaintiff's claim of error is not well taken.

It is **RECOMMENDED** that the Plaintiff's Motion For Summary Judgment [Doc. 15] be **DENIED** and that the Defendant's Motion For Summary Judgment [Doc. 17] be **GRANTED**.[1]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).